**Case No. 25-3061**

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**JUSTIN SPIEHS**,

*Plaintiff-Appellant,*

v.

**LISA LARSEN**, *et al.*,

*Defendants-Appellees,*

On appeal from the United States District Court
for the District of Kansas
The Honorable Judge Julia A. Robinson
Case No. 5:23-cv-04108-JAR

## OPPOSITION TO APPENDIX EXEMPTION

| | |
|---|---|
| Linus L. Baker<br>6732 West 185th Terrace<br>Stilwell, Kansas 66085<br>(913) 486-3913<br>linusbaker@prodigy.net | |
| *Attorney for Justin Spiehs* | |

The Appellant opposes the motion for Appendix Exemption because the hyperlinks refer to material outside the lower court's record. Hyperlinks are not evidence and do not create actual exhibits in a lower court record. The Appellees claim that by inserting a hyperlink into a document it makes the linked document stored in another part of the world a part of the lower court record. It does not. A hyperlink reference is extraneous to any filed document and is not part of the lower court's record. A hyperlink refers to a record outside the lower court record retained by a third party. In fact, all that Appellees attempt to do is change the location of the videos from YouTube to a different third party storage – a distinction without a difference. What is the purpose of that? Whether stored on YouTube or SharePoint – the videos remain outside the lower court's record stored by a third party. But if hyperlinks are open for the Court's scrutiny, then do not merely view the cherry picked videos Appellees select but view all of the open meeting videos contained in Dr. Spiehs' sworn statement which Appellees refer to.

Appellees refer to Aptl. App. 1:37-155 and 3:27. Dr. Spiehs' sworn statement provided a hyperlink to each open meeting but plaintiff did not submit any of those videos into the lower court record. Similarly, 3:27 is "Exhibit I" but contains no video – only a hyperlink. Thus hyperlinks are not exhibits, are not videos, and do not constitute a part of the lower court record. As such, 10th Cir. R. 30.3(B) does

not apply[1] because a requirement for the Appendix is that it come from the lower court's records. The record on appeal consists only of evidence presented to the district court. See Fed. R.App. P. 10(a).  *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court."); *see Anthony v. United States,* 667 F.2d 870, 875 (10th Cir. 1981) (stating that this Court is confined to the record on appeal and motion to supplement "does not grant a license to build a new record").

If hyperlinks substitute for the actual physical exhibit, then the lower court record means nothing as the actual physical exhibits are possessed by parties not named the lower court.  Thus the Appellees are seeking to improperly build a new record by introducing videos that are not part of the lower court record.

Their motion should be denied.

CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d) and the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 760 words, This document complies with the typeface requirements and the type-style requirements of Fed. R. App. P. 32(a)(6) and (7)(B) because it has been prepared in

---

[1] Putting the other arguments aside, the Appellees do not explain how these hyperlinks is an exhibit that cannot be "readily copied, put in electronic form, or electronically filed."

a 14-point proportionally spaced Times New Roman typeface using Microsoft Word 2019.

Date: May 14, 2025       <u>s/ Linus L. Baker</u>
                                 Linus L. Baker

CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that all required privacy redactions have been made.

I hereby certify if required to file additional hard copies, that the ECF submission will be an exact copy of the version submitted electronically via the Court's ECF system.

I hereby certify that this document has been scanned for viruses with the most recent version of a commercial virus scanning program, Norton 360, and is free of viruses according to that program and is free of viruses according to that program.

Date: May 14, 2025       <u>s/ Linus L. Baker</u>
                                 Linus L. Baker

CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, a true and accurate copy of this brief and addenda was electronically filed with the Court using the CM/ECF system, which will send notification of such filing to the following:

JOHN E. FRANKE
CHARLES H. COOPER
18900 WARD PARKWAY
KANSAS CITY, MISSOURI 64114
(816) 421-7100
(816) 421-7915 (FAX)
JFRANKE@FSMLAWFIRM.COM

CCOOPER@FSMLAWFIRM.COM
*Attorneys for Defendants-Appellees*

Date: May 14, 2025d        <u>s/ Linus L. Baker</u>
                                      Linus L. Baker